

1    ROBERT J. BENSON (STATE BAR NO. 155971)
     rbenson@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     2050 Main Street
3    Suite 1100
     Irvine, California  92614-8255
4    Telephone:   +1-949-567-6700
     Facsimile:    +1-949-567-6710
5

6    Attorneys for Applicant TPK Touch Solutions
     (Xiamen) Inc.

7

8                UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10        **CV 16   80193 MISC.**

11    *In re* Ex Parte Application of              Case No.

12    TPK Touch Solutions (Xiamen) Inc.        ***EX PARTE* APPLICATION FOR AN
                                             ORDER PURSUANT TO 28 U.S.C. §
13               Applicant.             1782 GRANTING LEAVE TO OBTAIN
                                               DISCOVERY FROM HTC FOR USE IN
14                                                FOREIGN PROCEEDINGS AND
                                               SUPPORTING MEMORANDUM***
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................. 1

II.   FACTUAL BACKGROUND .................................................. 2

    A.   Patent Proceedings in China.............................................. 2

    B.   Evidence Sought from HTC ............................................... 3

III.  LEGAL STANDARD ........................................................... 4

IV.  THE APPLICATION SHOULD BE GRANTED UNDER SECTION 1782 .................... 5

    A.   This Application Meets the Requirements of Section 1782 ........................... 5

        1.   HTC Resides or Is Found in This District................................. 6

        2.   TPK Seeks Discovery for Use in a Proceeding Before a Foreign Tribunal ...................... 6

        3.   TPK Is an Interested Person ................................................ 8

    B.   Each of the Discretionary Factors Strongly Favor Granting TPK's Application ........................... 8

        1.   HTC Is Not a Participant in the Foreign Proceedings ................................. 8

        2.   The Tribunals in China Are Receptive to U.S. Judicial Assistance............ 9

        3.   TPK's Request Is Not an Attempt to Circumvent the Procedures of the Court in China ......................... 11

        4.   TPK's Request Is Not Unduly Intrusive or Burdensome.......................... 12

V.   CONCLUSION ..................................................................... 13

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

OHSUSA:765580979.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
    785 F. Supp. 2d 434 (S.D.N.Y. 2011) ............................................................. 6

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
    793 F.3d 1108 (9th Cir. 2015) ................................................................... 5, 7

*In re Ex Parte Apple Inc.*,
    2012 WL 1570043 (N.D. Cal. May 2, 2012) ................................... *passim*

*In re: Ex Parte Apple Inc.*,
    2015 WL 5838606 (S.D. Cal. Oct. 7, 2015) ............................................... 5, 6

*In re Ex Parte Application of American Petroleum Institute for Order to Obtain
    Discovery for Use in Foreign Proceedings*,
    2011 WL 10621207 (N.D. Cal. April 7, 2011) .............................. *passim*

*In re Application of Carsten Rehder Schiffsmakler Und Reederei Gmbh & Co.*,
    2008 WL 4642378 (M.D. Fla. 2008) ........................................................... 12

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS
    Forwarding (USA), Inc.*,
    747 F.3d 1262 (11th Cir. 2014) ..................................................................... 6

*In re Application of Hill*,
    2005 WL 1330769 (S.D.N.Y. June 3, 2005) ............................................ 11

*In re Ex Parte Application of LG Electronics Deutschland GmbH*,
    2012 WL 1836283 (S.D. Cal. May 21, 2012) ...................................... 5, 7, 10

*In re: Ex Parte Application Varian Medical Sys. Int'l AG*,
    2016 WL 1161568 (N.D. Cal. March 24, 2016) ............................ 1, 5, 6, 9

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
    673 F.3d 76 (2d Cir. 2012) .......................................................................... 12

*Chevron Corp. v. Snaider*,
    78 F. Supp. 3d 1327 (D. Colo. 2015) ....................................................... 13

*In re Google Inc.*,
    114 U.S.P.Q.2d 1161 (N.D. Cal. 2014) ....................................... *passim*

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) .......................................................................... *passim*

OHSUSA:765580979.1

*In re Kreke Immobilien KG,*
   2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) ........................................................9

*London v. Does 1-4,*
   279 Fed. Appx. 513 (9th Cir. 2008) ...................................................................8

*Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to*
   *28 U.S.C. 1782,* 2012 WL 2906761 (N.D. Cal. July 16, 2012) ...............................11

*In re Mesa Power Group, LLC,*
   2013 WL 1890222 (D.N.J. April 19, 2013) ..........................................................6

*Minatec Finance S.A.R.L. v. SI Group Inc.,*
   2008 WL 3884374 at *12 (N.D.N.Y. Aug. 18, 2008) ...........................................13

*In re Ex Parte Motorola Mobility, LLC,*
   2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ............................................. *passim*

*In re O'Keeffe,*
   -- Fed. Appx. --, 2016 WL 1426001 (3d. Cir. April 12, 2016) ..........................7, 10

*In re Owl Shipping, LLC,*
   2014 WL 5310192 (D.N.J. Oct. 17, 2014) ...........................................................6

*In re Republic of Equador,*
   2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ....................................................1

*In re the Republic of Ecuador,*
   2011 WL 4434816 (N.D. Cal. Sept. 23, 2011) .....................................................6

*In re Veiga,*
   746 F. Supp. 2d 8 (D.D.C. 2010) ......................................................................9

**Statutes**

28 U.S.C. §1782 ...................................................................................... *passim*

1    TPK Touch Solutions (Xiamen) Inc. ("TPK") hereby applies to the Court for an order

2    authorizing discovery pursuant to 28 U.S.C. §1782.  This application is filed *ex parte* according to

3    the usual practice for §1782 applications.[1]

4            TPK seeks an order under §1782 authorizing targeted discovery from HTC America, Inc.

5    ("HTC"), for use in patent litigation proceedings in China.  The scope of the requests contained in

6    Exhibit B has already been discussed with HTC during meet and confer discussions, and HTC has

7    agreed to accept service of the subpoena.  Declaration of Robert J. Benson ¶¶ 4-5.  This

8    application is supported by the memorandum of points and authorities below and the Declarations

9    of Robert Benson and Dong Liu, filed concurrently herewith.  The proposed order and the

10   subpoena to be served on HTC are attached to this application as Exhibits A and B, respectively.

11   In the unanticipated event that HTC has any objections to the targeted requests, this application

12   does not prejudice HTC's right to move to quash any subpoena that the Court allows to issue.

13   ## I.    INTRODUCTION

14           Under 28 U.S.C. §1782 ("Section 1782"), interested parties, such as TPK, may obtain

15   discovery from third parties located within the United States for use in foreign legal proceedings.

16   O-film Tech Co., Ltd. ("O-film") has initiated patent litigation proceedings against TPK in China.

17   By this application, TPK seeks targeted discovery from HTC related to its design, manufacture

18   and sale of two models of mobile phone, the HTC Rezound and the EVO Design 4G, which are

19   prior art to the patent asserted in China.  The evidence sought will support TPK's defenses in the

20   China infringement proceedings and may further be used to invalidate the patent in the China

21   Patent Office.  TPK has already discussed and agreed with HTC on the scope of the proposed

22   subpoena and service of the subpoena.

23           TPK's application satisfies each of the statutory requirements set forth in Section 1782.

24

25   ---

[1] "It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted *ex parte*." *In re Google. Inc.*, 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014). *Accord, In re: Ex Parte Application Varian Medical Sys. Int'l AG*, 2016 WL 1161568 (N.D. Cal. March 24, 2016) ("Section 1782 petitions are regularly reviewed on an *ex parte* basis"); *In re Ex Parte Motorola Mobility, LLC*, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ("It is common for requests to obtain an order pursuant to Section 1782 to be conducted ex parte"); *In re Republic of Equador*, 2010 WL 3702427 at *2 (N.D.Cal. Sept. 15, 2010) (same, citing cases).

EX PARTE APPLICATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782

OHSUSA:765580979.1

1   HTC is found within the Northern District of California, the discovery sought is for use in patent

2   litigation proceedings and patent office proceedings in China, and TPK is an interested person

3   because it is a party to those proceedings.  The discretionary factors applied by courts in

4   considering Section 1782 applications also weigh strongly in favor of granting the application.

5   The discovery sought is not within the jurisdictional reach of the court in China because HTC is

6   not a party to those proceedings; the court in China is expected to receive into evidence the

7   information obtained by the proposed subpoena, as would the patent office in the event of further

8   proceedings to invalidate the patent; TPK's application does not conceal any attempt to

9   circumvent any proof-gathering restrictions or other policies of China or the United States; and

10   the proposed subpoena does not contain any unduly intrusive or burdensome requests, particularly

11   as the scope of the requests have already been discussed with HTC.  Accordingly, TPK

12   respectfully requests that the Court issue the proposed order attached hereto as Exhibit A, which

13   authorizes the issuance of the subpoena attached as Exhibit B.

14   **II.     FACTUAL BACKGROUND**

15        **A.     Patent Proceedings in China**

16        TPK Touch Solutions (Xiamen) Inc. ("TPK") is a company organized under the laws of

17   China with its headquarters in Xiamen, China.  Liu Decl. ¶ 2.  TPK researches, designs, develops

18   and manufactures industry-leading touch panel technologies, including the touch panels used in

19   many of Apple's popular iPhone and iPad products.  *Id.*

20        On October 10, 2014, O-film filed a patent infringement lawsuit in the Nanchang

21   Intermediate People's Court, Jiangxi Province, China, Civil Action No. (2014) Hong Min San

22   Chu Zi No.55, alleging that the touch screen modules in certain of TPK's products made for

23   mobile phones and other computing devices ("accused products") infringe Chinese Patent No. ZL

24   201220134480.7 ("patent-in-suit).  Liu Decl. ¶ 3.  A defendant in a patent infringement lawsuit in

25   China, such as TPK, can argue as a defense that the technology claimed in the patent was known

26   to the public either domestically or abroad prior to the date of the patent application.  *Id.* ¶ 4.

27   Such prior public use or knowledge is a defense to a patent infringement lawsuit that is filed in

28   the Chinese judicial system, such as the Nanchang Intermediate People's Court.  *Id.*  The defense

1  to a patent infringement claim may include, by way of example, prior public use or disclosure,

2  sale to the public and/or availability for purchase by a member of the public. *Id.* Since the

3  application for the patent-in-suit was filed on April 1, 2012, prior public use or disclosure of the

4  claimed invention prior to that date will operate as a complete defense to the infringement claims

5  asserted by O-film. *Id.*

6       Defendants in patent infringement litigation can also petition the State Intellectual

7  Property Office ("SIPO") for invalidation of patents-in-suit, as a matter of right. *Id.* ¶ 5.  A

8  petition for invalidity can be filed with the SIPO during pending infringement proceedings. *Id.*

9  Moreover, Chinese courts will consider evidence submitted in support of invalidation proceedings

10  in the SIPO in the infringement proceedings, either pending the SIPO decision on invalidity or

11  afterwards. *Id.*

12      **B.**    **Evidence Sought from HTC**

13       HTC Corporation and its subsidiary, HTC America, Inc. ("HTC") designs, manufactures

14  and sells mobile devices including touch-screen smartphones. Benson Decl. ¶ 2. HTC has a

15  limited design facility in San Francisco, California, and a senior employee in the San Francisco

16  office "plays a key role in HTC's overall product-roadmap portfolio design, an important element

17  of HTC's smart phones." *Id.* In conferences with counsel for HTC, HTC has agreed not to object

18  on jurisdictional grounds to a subpoena issued from this Court, for purposes of the present

19  application, and to accept service. *Id.* ¶ 5. HTC has also agreed to produce documents that it is

20  able to identify through reasonable efforts, which documents are responsive to the document

21  requests attached to the subpoena. *Id.* ¶ 4.

22       HTC manufactured and sold significant quantities of HTC EVO Design 4G mobile phones

23  prior to April 1, 2012, to customers including Sprint. *Id.* ¶ 3. HTC also manufactured and sold

24  significant quantities of HTC Rezound mobile phones prior to April 1, 2012, to customers

25  including PCD, which supplied the phones to Verizon. *Id.* The HTC Rezound and EVO Design

26  4G mobile phones were sold in the U.S. prior to April 1, 2012 on a nationwide basis, by Sprint

27  and Verizon, including stores located in the Northern District of California. *Id.*

28       The HTC EVO Design 4G and HTC Rezound mobile phones incorporated touch panel

- 3 -

1    display modules supplied by TPK similar to those that O-film accuses of infringing the patent-in-

2    suit. Liu Decl. ¶ 7. It is TPK's position in the O-film litigation that if the claims of the patent-in-

3    suit are infringed by the accused TPK touch panel display modules, then the claims would also

4    read on the touch panel display modules that TPK supplied to HTC that were incorporated in the

5    EVO Design 4G and Rezound mobile phones. *Id.*

6          The proposed subpoena is narrowly directed to documents that will evidence HTC's

7    design, manufacture and sale of the HTC Rezoundand EVO Design 4G mobile phones prior to

8    April 1, 2012. Benson Decl. ¶ 4. These documents are intended for use in the patent litigation

9    proceeding initiated by O-film in the Nanchang High Court in China to support TPK's public use

10    defense to O-film's infringement claims, and may further be used in a petition to China's State

11    Intellectual Property Office for invalidation of the patent-in-suit. *Id.*

12    **III.   LEGAL STANDARD**

13          The purpose of Section 1782 is "to provide federal-court assistance in the gathering of

14    evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S.

15    241, 247 (2004). Section 1782 provides in relevant part:

16        (a) The district court of the district in which a person resides or is found may order him to
give his testimony or statement or to produce a document or other thing for use in a

17    proceeding in a foreign or international tribunal …. The order may be made … upon the
application of any interested person and may direct that the testimony or statement be

18    given, or the document or other thing be produced, before a person appointed by the court.

19    … To the extent that the order does not prescribe otherwise, the testimony or statement
shall be taken, and the document or other thing produced, in accordance with the Federal

20    Rules of Civil Procedure.

21    28 U.S.C. §1782(a).

22          Under the statute, a district court is authorized to grant a Section 1782 application where

23    "(1) the person from whom discovery is sought resides or is found in the district of the district

24    court to which the application is made, (2) the discovery is for use in a proceeding before a

25    foreign tribunal, and (3) the application is made by a foreign or international tribunal or 'any

26    interested person.'" *In re Google Inc.,* 114 U.S.P.Q.2d 1161 (N.D.Cal. 2014), *citing* 28 U.S.C.

27    §1782(a).

28.          In addition, the Supreme Court has identified several discretionary factors that district

courts should take into consideration when ruling on an application made under Section 1782:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) and whether the subpoena contains unduly intrusive or burdensome requests.

*In re Google*, 114 U.S.P.Q.2d 1161, *citing Intel*, 542 U.S. at 264-65. "It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted ex parte." *Id.*

Pursuant to Section 1782 and *Intel*, Courts in this district have regularly granted *ex parte* applications for discovery under 28 U.S.C. §1782. For example, applications under Section 1782 were recently granted in the following district court cases in California in support of discovery for use in patent litigation proceedings pending in other countries: *In re: Ex Parte Application Varian Medical Sys. Int'l AG,* 2016 WL 1161568 (N.D. Cal. March 24, 2016); *In re: Ex Parte Apple Inc.,* 2015 WL 5838606 (S.D. Cal. Oct. 7, 2015); *In re Google. Inc.,* 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014); *In re Ex Parte Motorola Mobility, LLC,* 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012); *In re Ex Parte Application of LG Electronics Deutschland GmbH,* 2012 WL 1836283 (S.D. Cal. May 21, 2012); *In re Ex Parte Apple Inc.,* 2012 WL 1570043 (N.D. Cal. May 2, 2012). Section 1782 applications are also granted in support of discovery for use in invalidity proceedings before foreign patent offices. *See, e.g., Akebia Therapeutics, Inc. v. FibroGen, Inc.,* 793 F.3d 1108, 1111 (9th Cir. 2015) (authorizing discovery under §1782 in support of proceedings in the European and Japanese Patent Offices).

The current application meets the statutory requirements of Section 1782, and the discretionary factors set forth in *Intel* strongly favor granting the requested discovery.

## IV.     THE APPLICATION SHOULD BE GRANTED UNDER SECTION 1782

### A.     This Application Meets the Requirements of Section 1782

As set forth below, the application meets each of the three statutory requirements.

1.      **HTC Resides or Is Found in This District**

HTC is "found" within this District within the meaning of §1782(a) because it has offices in this District and it conducts business here.  When a corporate entity from whom discovery is sought under §1782 has offices within the district, or where it conducts business within the district, the requirement of being "found" in the district is satisfied for purposes of §1782. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,* 747 F.3d 1262, 1269 (11th Cir. 2014) (having an office and doing business in the district satisfied requirement of being "found" in the district under §1782); *In re the Republic of Ecuador,* 2011 WL 4434816 (N.D. Cal. Sept. 23, 2011) (where subpoenaed party maintained an office in Menlo Park, it was considered "found" in this district under §1782(a)).  *Accord, In re Owl Shipping, LLC,* 2014 WL 5310192 (D.N.J. Oct. 17, 2014); *In re Mesa Power Group, LLC,* 2013 WL 1890222 (D.N.J. April 19, 2013); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.,* 785 F.Supp.2d 434, 438 (S.D.N.Y. 2011).

Personnel in HTC's San Francisco office play an important role in developing HTC's product-roadmap portfolio design.  *Id.*  This is sufficient to satisfy the requirements of §1782.

Finally, in conferences with counsel for HTC, HTC has agreed to accept service to a subpoena issued from this Court, for purposes of the present application.  *Id.* ¶ 5.  This resolves any potential issue regarding the first requirement of §1782(a).

2.      **TPK Seeks Discovery for Use in a Proceeding Before a Foreign Tribunal**

The second requirement of §1782(a) is met because the discovery sought by TPK is for immediate use in patent litigation currently pending against TPK in the Nanchang Intermediate People's Court, Jiangxi Province, China.  Liu Decl. ¶8.  Federal courts in the U.S. have long recognized that judicial proceedings adjudicating patent infringement, pending before a foreign tribunal, satisfies the requirements of 28 U.S.C. §1782.  *See, e.g., In re: Ex Parte Application Varian Medical Sys. Int'l AG,* 2016 WL 1161568 (N.D. Cal. March 24, 2016); *In re: Ex Parte Apple Inc.,* 2015 WL 5838606 (S.D. Cal. Oct. 7, 2015); *In re Google. Inc.,* 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014); *In re Ex Parte Motorola Mobility, LLC,* 2012 WL 4936609 (N.D. Cal. Oct. 17,

1   2012); *In re Ex Parte Application of LG Electronics Deutschland GmbH,* 2012 WL 1836283

2   (S.D. Cal. May 21, 2012); *In re Ex Parte Apple Inc.,* 2012 WL 1570043 (N.D. Cal. May 2, 2012).

3         For example, in *Ex Parte Application of American Petroleum Institute for Order to Obtain*

4   *Discovery for Use in Foreign Proceedings,* this Court granted a section 1782 application seeking

5   discovery for use in litigation proceedings pending in China, which cases involved claims for

6   copyright and trademark infringement.  2011 WL 10621207 (N.D. Cal. April 7, 2011).

7   Accordingly, this Court held that the second requirement of §1782(a) was satisfied, *i.e.,* that the

8   discovery be for use in a proceeding before a foreign tribunal. *Id.* at *2. *See also In re O'Keeffe,*

9   -- Fed. Appx. --, 2016 WL 1426001 (3d. Cir. April 12, 2016) (affirming district court's decision

10   granting a §1782 application for discovery related to litigation pending in China and denying a

11   motion to quash that subpoena).

12         The same evidence that can be used as a defense to the pending patent litigation

13   proceedings in China can also be used to support an invalidation proceeding in China's Patent

14   Office. Liu Decl. ¶ 8.  Section 1782 applications are also granted in support of discovery for use

15   in invalidity proceedings pending before foreign patent offices. *Akebia Therapeutics, Inc. v.*

16   *FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015). This question was directly addressed and decided

17   by the Ninth Circuit in *Akebia,*

> FibroGen argues, because the proceedings in the European and Japanese Patent Offices
> are not court proceedings and 'do not resemble civil trials,' those entities cannot be
> considered 'tribunals' to which § 1782 applies. We disagree.  A 'proceeding in a foreign
> or international tribunal' within the meaning of § 1782 "'is not confined to proceedings
> before conventional courts,' but extends also to 'administrative and quasi-judicial
> proceedings.' " *Intel,* 542 U.S. at 249, 124 S.Ct. 2466 (quoting S.Rep. No. 1580, at 7
> (1964)).

> Both of the foreign patent offices here conduct quasi-judicial proceedings. ... tasked with
> resolving patent validity disputes, *id.* at 257, 124 S.Ct. 2466 ....

24   793 F.3d at 1111.  This is a separate and independent basis for satisfying the second requirement

25   of §1782(a) and upon which TPK's §1782 application can be granted.

26           **3.**    **TPK Is an Interested Person**

27         TPK qualifies as an "interested person" under Section 1782(a) because it is a party to the

28   litigation proceeding in China for which the discovery is sought.  Liu Decl., ¶ 3.  Should TPK

- 7 -

initiate an invalidation proceeding before the SIPO in China, TPK would also be a party to that proceeding. *Id.* ¶ 5. As stated by the U.S. Supreme Court, "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel,* 542 U.S. at 256. Accordingly, TPK clearly satisfies the statutory requirement for being an "interested person" under Section 1782.

**B.     Each of the Discretionary Factors Strongly Favor Granting TPK's Application**

All four of the discretionary factors identified by the Supreme Court in *Intel* weigh in favor of the Court exercising its discretion to grant TPK's application.

**1.     HTC Is Not a Participant in the Foreign Proceedings**

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel,* 542 U.S. at 264. This factor is clearly satisfied because HTC is not a participant in any of the foreign proceedings at issue.

The Supreme Court in *Intel* recognized that the assistance of a federal court under §1782 is most needed when the evidence is sought from a non-participant in the foreign proceedings. *Id.* "[N]on-participants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id. Accord, London v. Does 1-4,* 279 Fed. Appx. 513, 515 (9th Cir. 2008) (discovery granted under §1782 where discovery was sought from a third party that was not a participant in the foreign legal proceeding); *In re Google. Inc.,* 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014) (same); *In re Ex Parte Motorola Mobility, LLC,* 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) (same); *In re Ex Parte Apple Inc.,* 2012 WL 1570043 (N.D. Cal. May 2, 2012) (same); *In re Ex Parte Application of American Petroleum Institute,* 2011 WL 10621207 (N.D. Cal. April 7, 2011) (same).

In the present case, HTC is not a participant in any of the Chinese proceedings and is beyond the jurisdictional reach of the court and patent office in China. Liu Decl. ¶ 9. Thus, TPK is unable to request or obtain any evidence from HTC as part of the proceedings in China, and a subpoena from this Court under §1782 is TPK's only avenue for obtaining the needed discovery.

- 8 -

1    *Id.* Accordingly, evidence in HTC's possession is "unobtainable absent §1782(a) aid" and the

2    first *Intel* factor weighs in favor of granting TPK's application.

3              **2.     The Tribunals in China Are Receptive to U.S. Judicial Assistance**

4         The second discretionary factor under *Intel* is "the nature of the foreign tribunal, the

5    character of the proceedings underway abroad, and the receptivity of the foreign government or

6    the court or agency abroad to U.S. federal-court judicial assistance." *Intel,* 542 U.S. at 264.  This

7    factor is clearly satisfied because the evidence unequivocally shows that in both the pending

8    infringement proceedings and the potential invalidity proceedings – each of which independently

9    support TPK's § 1782 application – the China court and patent office will receive and consider

10   the evidence sought by the proposed subpoena.

11        Since courts tend to "err on the side of permitting discovery," this factor weighs in favor

12   of granting a §1782 application in "the absence of authoritative proof that a foreign tribunal

13   would ***reject*** evidence obtained with the aid of section 1782." *In re: Ex Parte Application Varian*

14   *Medical Sys. Int'l AG,* 2016 WL 1161568 (N.D. Cal. March 24, 2016) (emphasis added), *citing In*

15   *re Kreke Immobilien KG,* 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013). *Accord, In re*

16   *Veiga,* 746 F. Supp. 2d 8, 24 (D.D.C. 2010) (court finding that this discretionary factor weighed

17   in favor of granting the §1782 application because there was "no authoritative proof that the

18   Ecuadorian courts … would reject the discovery sought").

19        Accordingly, where there is no evidence suggesting that the foreign tribunal would ***not*** be

20   receptive to the discovery sought, Courts in this District have found that the second *Intel* factor

21   weighs in favor of granting a §1782 application. *Varian Medical,* 2016 WL 1161568, at *4.

22   Where there is no evidence that the foreign tribunal will disallow the evidence sought, discovery

23   is favored regardless of whether the foreign legal system would have authorized the discovery

24   under its own rules of procedure. *In re Ex Parte Apple Inc.,* 2012 WL 1570043, at *2 (N.D. Cal.

25   May 2, 2012). And where – as here – the only evidence of record is that the foreign tribunal ***can***

26   be expected to be receptive to the information requested, this discretionary factor weighs even

27   more strongly in favor of granting the application. *See, e.g., In re Google. Inc.,* 114 U.S.P.Q.2d

28   1161 (N.D. Cal. 2014); *In re Ex Parte Application of LG Electronics Deutschland GmbH,* 2012

1   WL 1836283 (S.D. Cal. May 21, 2012).

2       The tribunals in China are receptive to receiving the evidence sought and to U.S. judicial

3   assistance.  On October 10, 2014, O-film filed a patent infringement lawsuit in the Nanchang

4   Intermediate People's Court, Jiangxi Province, China, Civil Action No. (2014) Hong Min San

5   Chu Zi No.55, alleging that the touch screen modules in TPK's accused products infringe the

6   patent-in-suit.  Liu Decl. ¶ 3.  TPK can argue as a defense that the technology claimed in the

7   patent was known to the public either domestically or abroad prior to the date of the patent

8   application.  *Id.* ¶ 4.  This defense may include, by way of example, prior public use or disclosure,

9   sale to the public and/or availability for purchase by a member of the public.  *Id.*  Since the

10  application for the patent-in-suit was filed on April 1, 2012, prior public use or disclosure of the

11  claimed invention prior to that date will operate as a complete defense to the infringement claims

12  asserted by O-film.  *Id.*  Thus, the evidence sought from HTC, properly authenticated, will be

13  admissible as evidence to defend against the patent infringement proceeding in China.  *Id.* ¶¶ 7,

14  10.  The second *Intel* factor therefore weighs in favor of granting TPK's §1782 application.

15      This conclusion is directly supported by a very recent decision from the Third Circuit.  In

16  *In re O'Keeffe,* the Third Circuit held that this discretionary factor weighs in favor of granting

17  discovery under §1782 when the foreign proceeding at issue is pending in China, because China

18  is a signatory to the Hague Evidence Convention and its courts are therefore "receptive to

19  American judicial assistance."  2016 WL 1426001 (3rd Cir. April 12, 2016).  Moreover, this

20  Court has previously granted a §1782 application seeking discovery in support of intellectual

21  property litigation in China.  *In re Ex Parte Application of American Petroleum Institute,* 2011

22  WL 10621207 (N.D. Cal. April 7, 2011) (issuing a subpoena to Google to provide documents for

23  use in connection with six cases in China involving copyright, trademark and unfair competition,

24  finding *Intel*'s second factor neutral given the lack of evidence that was presented by the

25  applicant).

26      In addition to the receptivity of the Chinese judicial system to the evidence sought by

27  TPK's proposed subpoena, TPK can petition the State Intellectual Property Office ("SIPO") for

28  invalidation of the patent-in-suit, as a matter of right.  *Id.* ¶ 5.  Thus, the evidence sought from

HTC can also be used in support of an invalidation proceeding in the SIPO and the SIPO will receive and consider that evidence. *Id.* ¶¶ 8, 10. Moreover, the Court presiding over the infringement proceeding is able to consider evidence submitted in support of any invalidation proceedings in the SIPO in the infringement proceedings. *Id.* ¶ 5. This further supports a finding that the second *Intel* factor weighs in favor of TPK's §1782 application.

### 3. TPK's Request Is Not an Attempt to Circumvent the Procedures of the Court in China

The third *Intel* factor considers whether an applicant is seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 264-65. This is clearly not the case here, as there are no Chinese restrictions or policies that would prohibit seeking discovery of the prior art evidence that is the subject of this application. Liu Decl. ¶10. To the contrary, the evidence sought is consistent with the type of discovery available in the Chinese proceedings, and TPK anticipates that the evidence will be admissible in the Chinese proceedings. *Id.* Therefore, this factor weighs in favor of TPK's application.

Federal courts have previously granted §1782 applications seeking the production of evidence for use in litigation proceedings in China. *See, e.g., Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782,* 2012 WL 2906761 (N.D. Cal. July 16, 2012); *In re Application of Hill,* 2005 WL 1330769 (S.D.N.Y. June 3, 2005). For example, in granting a §1782 application to issue subpoenas requiring that Google produce documents for use in six intellectual property cases in China, this Court found that the third *Intel* factor favored granting the application because there was nothing to suggest that the request was "an attempt to circumvent foreign proof-gathering restrictions." *In re Ex Parte Application of American Petroleum Institute,* 2011 WL 10621207 (N.D. Cal. April 7, 2011) (noting that the applicant "represents that no such restrictions or policies exist and the requested discovery is consistent with the type of discovery available in the Chinese proceedings"). *Cf. In re Application of Carsten Rehder Schiffsmakler Und Reederei Gmbh & Co.,* 2008 WL 4642378 (M.D. Fla. 2008) (granting a §1782 application to obtain evidence for use in an action in China even though –

1    unlike here – it was unclear whether China's rules of procedure would permit the discovery of the

2    evidence or whether the Chinese tribunal would receive the evidence).[2]

3            There is no indication that TPK's application under §1782 is an end-run around foreign

4    discovery procedures or policies.  Rather, it is a good faith attempt to use the provisions of §1782

5    to take discovery from a business entity in the U.S. in order to obtain evidence that can be used

6    both as a defense to the infringement proceeding in China and in support of an invalidation

7    proceeding before the SIPO.  Liu Decl. ¶¶3-10.   Accordingly, the third discretionary factor under

8    *Intel* weighs in favor of granting TPK's application.

9            **4.      TPK's Request Is Not Unduly Intrusive or Burdensome**

10           Under the fourth discretionary factor, the Supreme Court noted in *Intel* that "unduly

11   intrusive or burdensome requests may be rejected or trimmed."  *Intel,* 542 U.S. at 265.  In this

12   case, however, the fourth factor weighs strongly in favor of TPK's §1782 application as TPK has

13   already reached agreement with counsel for HTC concerning the scope of the requests.

14           The discovery sought by TPK is narrow in scope.  TPK's subpoena only contains 10

15   document requests that are narrowly tailored to seek the production of evidence showing the sale

16   of two models of mobile phones (the HTC Rezound and EVO Design 4G) during a limited time

17   period (prior to April 1, 2012) and certain evidence related to the touch panels used in those

18   phones. *See* Exh. B.[3]  This Court has previously granted §1782 applications where the document

19   requests at issue were similarly focused in scope, or even broader in scope.  *See, e.g., In re Ex*

20   *Parte Motorola Mobility, LLC,* 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) (granting application

21   for five categories of information "narrowly tailored to the allegations … advance[d] in the civil

22   proceedings in Germany); *In re Ex Parte Apple Inc.,* 2012 WL 1570043 (N.D. Cal. May 2, 2012)

23

24   [2] A section 1782 application does ***not*** need to show that the materials sought could be discovered
     in the foreign jurisdiction if the materials were located there, nor does the applicant need to show
25   that the materials would be discoverable in a comparable proceeding in the U.S.  *Id.* at 262.  In
     fact, a district court "should not consider the admissibility of evidence in the foreign proceeding
26   in ruling on a section 1782 application."  *Brandi-Dohrn v. IKB Deutsche Industriebank AG,* 673
     F.3d 76, 82 (2d Cir. 2012).  Nevertheless, the evidence submitted in support of this application
27   confirms that the evidence sought can be admitted in the foreign proceedings at issue.

28   [3] No deposition is sought by the current subpoena based on the representation of HTC that a
     declaration will be provided to authenticate the documents produced.

- 12 -

1    (finding that request for licenses and correspondence between the parties related to the licenses

2    was not unduly burdensome); *In re Ex Parte Application of American Petroleum Institute,* 2011

3    WL 10621207 (N.D. Cal. April 7, 2011) (granting subpoena for six categories of documents that

4    did not appear to be "unduly intrusive or burdensome and appear to be related to the claims in the

5    Chinese proceedings").

6         Moreover, counsel for TPK has already discussed the scope of the requests with counsel

7    for HTC and the parties have already discussed the scope of what will be produced.  Benson Decl.

8    ¶4.  In this circumstance, the fourth discretionary factor under *Intel* clearly weighs in favor of

9    granting the application.  *See, e.g., Chevron Corp. v. Snaider,* 78 F.Supp.3d 1327, 1343 (D. Colo.

10   2015) (granting section 1782 application and denying motion to quash to the extent certain

11   requests were agreed upon by the parties).

12        Finally, any concern that HTC may have regarding the confidentiality of the information

13   being produced can be readily addressed by entry of a suitable protective order, the form of which

14   TPK will negotiate with counsel for HTC.  Benson Decl., ¶5.  *See Minatec Finance S.A.R.L. v. SI*

15   *Group Inc.,* 2008 WL 3884374 at *12 (N.D.N.Y. Aug. 18, 2008) ("the beauty of §1782 is that it

16   permits this Court to impose a protective order that would extinguish any concern that privileged,

17   confidential, or proprietary information would be indecorously revealed"), *citing Intel,* 542 U.S.

18   at 266, n.19.  Accordingly, the fourth discretionary factor under *Intel* weighs in favor of granting

19   TPK's application.

20   **V.    CONCLUSION**

21        TPK's application satisfies each of the statutory requirements set forth in 28 U.S.C.

22   §1782.  The discretionary factors applied by courts in considering §1782 applications also weigh

23   strongly in favor of granting the application.  Accordingly, TPK respectfully requests that the

24   Court grant this application and issue the concurrently filed proposed order, attached hereto as

25   Exhibit A, allowing TPK to issue the subpoena attached hereto as Exhibit B.

26

27

28

1    Dated: September 7, 2016

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT J. BENSON
Orrick, Herrington & Sutcliffe LLP

By: _____
       ROBERT J. BENSON
    Attorneys for Applicant TPK Touch
     Solutions (Xiamen) Inc.

EXHIBIT A

1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10
11   *In re* Ex Parte Application of          | Case No.
12   TPK Touch Solutions (Xiamen) Inc.        | **[PROPOSED] ORDER GRANTING
                                               | TPK'S *EX PARTE* APPLICATION FOR
13               Applicant.                    | AN ORDER PURSUANT TO 28 U.S.C. §
                                               | 1782 GRANTING LEAVE TO OBTAIN
14                                             | DISCOVERY FROM HTC FOR USE IN
                                               | FOREIGN PROCEEDINGS**
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                          [PROPOSED] ORDER RE *EX PARTE*
                                          APPLICATION PURSUANT TO
                                          28 U.S.C. § 1782; CASE NO. _____

1    This matter comes before the Court on the Ex Parte Application of TPK Touch Solutions

2    (Xiamen) Inc. ("TPK"), for an Order to Obtain Discovery for Use in Foreign Proceedings

3    pursuant to 28 U.S.C. § 1782(a) ("the Application"), which seeks documents from HTC

4    America, Inc. ("HTC") for use in patent litigation proceedings in China between TPK and O-

5    film Tech Co., Ltd. and for potential use in patent invalidation proceedings in China's State

6    Intellectual Property Office.

7    The Court, having fully considered the papers on file and submitted herewith, and good

8    cause appearing:

9    **HEREBY GRANTS** the Application of TPK.

10   **IT IS HEREBY ORDERED THAT TPK IS GRANTED LEAVE TO** issue a subpoena

11   for documents in substantially the same form as attached as Exhibit B to the Application,

12   directing HTC to produce the documents requested at the offices of counsel for TPK, Orrick,

13   Herrington & Sutcliffe LLP, 1020 Marsh Rd., Menlo Park, California 94025, or another location

14   mutually agreeable to TPK and HTC.

15

16                                             **IT IS SO ORDERED.**

17   Dated: _____          _____

18                                             United States District Judge

19

20

21

22

23

24

25

26

27

28                                             [PROPOSED] ORDER RE *EX PARTE*
                                               APPLICATION PURSUANT TO
                                               28 U.S.C. § 1782; CASE NO. _____

TREEHUGGER™
30% PCW RECYCLED TAB
A Professional Indexes & Files Product

800-422-9191
www.proindexes.com

EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

In re *Ex Parte* Application of TPK Touch Solutions (Xiamen) Inc.      )
_____ )
*Plaintiff* )
v. )      Civil Action No. _____
)
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: HTC America, Inc.
_____
*(Name of person to whom this subpoena is directed)*

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attachment A.**

| Place:    Orrick, Herrington & Sutcliffe LLP<br>         1020 Marsh Rd.<br>         Menlo Park, CA 94025 | Date and Time: |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September __, 2016 _____

         *CLERK OF COURT*
                         OR

_____      _____
     *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                                 Robert J. Benson

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **TPK Touch Solutions** **(Xiamen) Inc.**, who issues or requests this subpoena, are: Robert J. Benson, Orrick, Herrington & Sutcliffe LLP, 2050 Main Street, Suite 1100, Irvine, CA 92614; Email: rbenson@orrick.com; Phone: 949-852-7705; Fax: 949-567-6710

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**Documents Requested**

1.   Documents, records or other information sufficient to show when the following serial numbers of Rezound cell phones were manufactured by HTC, purchased by or on behalf of Verizon or Personal Communication Devices ("PCD"), shipped to Verizon or PCD, and received by Verizon or PCD (hereinafter the "Verizon Units") (listed by IMEI number and serial number), including but not limited to the manufacturers and model numbers of any models of touch panels that were ever used in the Rezound phones, manufacturing date and shipment date, and distributor's name:  (1) 990000338932389, HT1BHS206164; (2) 990000339266225, HT1BKS201960; (3) 990000337325304, HT1A2S200962; (4)990000338632336 HT1AWS202448; (5) 990000335339315, HT19NS209801.

2.   Documents, records or other information sufficient to show when the following serial numbers of EVO Design 4G cell phones were manufactured by HTC, purchased by or on behalf of Sprint, shipped to Sprint, and received by Sprint (hereinafter the "Sprint Units") (listed by IMEI number and/or MEID and serial number), including but not limited to the manufacturers and model numbers of any models of touch panels that were ever used in the EVO Design 4G phones, manufacturing date and shipment date, and distributor's name: (1) IMEI code: 356788040892598, MEID code: A1000017D9A3A4, S/N: HT19RMB04900; (2) IMEI code: 356788041409186, MEID code: A1000017DA6D6F, S/N:HT1A4MB00103; (3) IMEI code: 356788041447970, MEID code: A1000017DA7C96, S/N:HT1A5MB01699; and (4) IMEI code: 356788044908044, MEID code:  A1000017DFC42E, S/N: HT24VMB06657.

3.   The serial numbers of the touch screen modules that were incorporated into the Verizon Units and Sprint Units.

4.   The manufacturer, model number, serial number, and any other information related to identifying the touch panels that were incorporated into the Verizon Units and Sprint Units.

5.   Documents, records or other information sufficient to describe any public demonstration of the HTC Rezound and EVO Design 4G phones, in the U.S. or elsewhere in the world, prior to April 1, 2012, at trade shows or otherwise.

6.   Final production schematics for the touch panel modules incorporated into the HTC Rezound and EVO Design 4G phones.

2