FILED
2016 SEP -8 P 12: 36
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

1 ROBERT J. BENSON (STATE BAR NO. 155971)
rbenson@orrick.com
2 ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
3 Suite 1100
Irvine, California 92614-8255
4 Telephone: +1-949-567-6700
Facsimile: +1-949-567-6710
5
Attorneys for Applicant TPK Touch Solutions
6 (Xiamen) Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re* Ex Parte Application of       Case No. CV 16-80193 MISC. DMR

TPK Touch Solutions (Xiamen) Inc.     DECLARATION OF DONG LIU IN
                                      SUPPORT OF *EX PARTE*
       Applicant.                     APPLICATION FOR AN ORDER
                                      PURSUANT TO 28 U.S.C. § 1782
                                      GRANTING LEAVE TO OBTAIN
                                      DISCOVERY FROM HTC FOR USE IN
                                      FOREIGN PROCEEDINGS

I, Dong Liu, declare as follows:

1. My name is Dong Liu. I am a partner in the Han Kun Law Offices, Suite 906, Office Tower C1, Oriental Plaza, No. 1 East Chang An Ave., Beijing 100738, P. R. China. I am a China-qualified attorney admitted to practice in China since August 1, 2004, Attorney Registration No. 111012200410432693.

2. TPK Touch Solutions (Xiamen) Inc. ("TPK") is a company organized under the laws of China with its headquarters in Xiamen, China. TPK researches, designs, develops and manufactures industry-leading touch panel technologies, including the touch panels used in many of Apple's popular iPhone and iPad products.

3. On October 10, 2014, O-film filed a patent infringement lawsuit against TPK in the Nanchang Intermediate People's Court, Jiangxi Province, China, Civil Action No. (2014) Hong Min San Chu Zi No.55, alleging that the touch screen modules in certain of TPK's products made for mobile phones and other computing devices ("accused products") infringe Chinese Patent No. ZL201220134480.7 ("patent-in-suit"). In particular, O-film alleges that TPK infringed the patent-in-suit by making and selling certain touch screen display modules used in the accused products, and seeks an award of damages and injunctive relief as remedies to TPK's infringement. Attached as Exhibit 1 is a true and correct copy of the Complaint in Civil Action No. (2014) Hong Min San Chu Zi No.55, and attached as Exhibit 2 is a true and correct copy of an excerpt of a translation of said complaint.

4. A defendant in a patent infringement lawsuit in China, such as TPK, can argue as a defense that the technology claimed in the patent was known to the public either domestically or abroad prior to the date of the patent application. Such prior public use or knowledge is a defense to a patent infringement lawsuit that is filed in the Chinese judicial system, such as the Nanchang Intermediate People's Court, separate and apart from whether the patent may also be found invalid by the State Intellectual Property Office. The defense to a patent infringement claim may include, by way of example, prior public use or disclosure, sale to the public and/or availability for purchase by a member of the public. Since the application for the patent-in-suit was filed on

- 1 -

April 1, 2012, prior public use or disclosure of the claimed invention prior to that date will operate as a complete defense to the infringement claims asserted by O-film.

5. Defendants in patent infringement litigation (both utility model and invention patents) can petition the State Intellectual Property Office ("SIPO") for invalidation of patents-in-suit, as a matter of right. A petition for invalidity can be filed with the SIPO during pending infringement proceedings. Moreover, Chinese courts will consider evidence submitted in support of invalidation proceedings in the SIPO in the infringement proceedings, either pending the SIPO decision on invalidity or afterwards.

6. It is my understanding that HTC manufactured and sold HTC EVO Design 4G mobile phones prior to April 1, 2012, to customers including Sprint. It is also my understanding that HTC manufactured and sold HTC Rezound mobile phones prior to April 1, 2012, to customers including PCD, which supplied the phones to Verizon.

7. The HTC EVO Design 4G and HTC Rezound mobile phones incorporated touch panel display modules supplied by TPK similar to those that O-film accuses of infringing the patent-in-suit. It is TPK's position in the O-film litigation that if the claims of the patent-in-suit are infringed by the accused TPK touch panel display modules, then the claims would also read on the touch panel display modules that TPK supplied to HTC that were incorporated in the EVO Design 4G and Rezound mobile phones. Attached as Exhibit 3 is a true and correct copy of the *Pleading* I am about to file in the O-film litigation asserting this defense, and attached as Exhibit 4 is a true and correct copy of an excerpt of a translation of the *Pleading*. Article 62 of the Patent Law of P.R. China states: "It shall not be patent infringement if an alleged infringer proves by evidence that it has practiced prior art pertaining to a technology or design." Accordingly, if HTC publicly offered for sale and/or publicly sold the EVO Design 4G and Rezound mobile phones prior to April 1, 2012, this would constitute a prior public use of the claimed invention and would constitute a defense to O-film's infringement claims against TPK. The same evidence can also be used to support invalidation proceedings in the SIPO.

8. I have reviewed the draft subpoena to HTC America, Inc. attached as Exhibit B to

TPK's Ex Parte Application for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery from HTC. The documents requested in the subpoena are intended for use in the patent litigation proceeding initiated by O-film in the Nanchang Intermediate People's Court to support TPK's public use defense to O-film's infringement claims. Once produced, TPK anticipates using this evidence in support of its defense to the infringement case and it is my opinion that the Court will receive the documents into evidence. The same evidence can also be used to support an invalidation proceeding in the SIPO, and it is my opinion that the SIPO would receive and consider that evidence.

9. HTC is not a participant in the infringement proceedings in China, is beyond the jurisdictional reach of the Nanchang Intermediate People's Court and cannot be compelled to produce documents in the China proceedings by the court in China. Similarly, HTC cannot be compelled to produce documents in an invalidation proceeding in the SIPO. Thus, TPK is unable to request or obtain any evidence from HTC as part of the proceedings in China, and a subpoena from this Court under §1782 is TPK's only avenue for obtaining the needed discovery.

10. There are no Chinese restrictions or policies that would prohibit seeking discovery of the documents that are requested by the subpoena attached to the *Ex Parte* Application as Exhibit B. To the contrary, the evidence sought is consistent with the type of discovery available in the Chinese proceedings and I anticipate that the evidence will be admissible in the Chinese proceedings.

I declare under penalty of perjury under the laws of the United States of America and the People's Republic of China that the foregoing is true and correct.

Executed on September 6, 2016, in Beijing, People's Republic of China.

                                      Dong Liu
                                 Han Kun Law Offices
                      Attorneys for Applicant TPK Touch
                          Solutions (Xiamen) Inc.

EXHIBIT 1

# 民 事 起 诉 状

原告一：深圳欧菲光科技股份有限公司

地址：深圳市光明新区公明街道松白公路华发路段欧菲光科技园

法定代表人：蔡荣军　　　职务：公司董事长


原告二：南昌欧菲光科技有限公司

地址：江西省南昌经济技术开发区黄家湖路

法定代表人：胡菁华　　　职务：高级副总裁


被告一：　程炜（系江西省新建县铁河伟业通信营业厅经营者）

身份证号：360122197507018419

经营地址：南昌市新建县铁河镇铁河街



被告二：宸鸿科技（厦门）有限公司

地址：　厦门市火炬高新区信息光电园坂尚路199号

法定代表人:江朝瑞　　　职务：公司董事长



案由：侵犯实用新型专利权纠纷


诉讼请求：

1、判令被告一立即停止侵犯原告201220134480.7号实用新型专利权

（下称"涉案专利"）的行为，即立即停止销售、许诺销售使用涉案专利的触摸屏（下称"被控侵权产品"）的手机的行为；

2、判令被告二立即停止制造、销售、许诺销售被控侵权产品；

3、判令被告二立即销毁全部被控侵权产品，以及用于制造被控侵权产品的模具和设备；

4、判令被告二赔偿原告经济损失6800万元人民币（含原告在本案支出的律师代理费、差旅费、公证费、诉讼费等合理费用），原告保留根据进一步获知的证据对赔偿金予以增加的权利；

5、判令被告二在《江西日报》显著版面上刊登致歉声明，声明内容须经法院审核。

事实与理由

原告一（专利权人）深圳欧菲光科技股份有限公司经过多年投入、研发，于2012年4月1日向国家知识产权局递交名称为"面板及含有该面板的触摸屏"的实用新型专利申请，申请号为201220134480.7；该件专利申请于2012年11月14日公告授权（授权号为CN202533918U），有效期至2022年3月31日。专利权人已依法如期缴纳年费，目前该件专利的专利权处于有效的法律状态。

2013年9月5日，经专利权人深圳欧菲光科技股份有限公司申请，国家知识产权局经充分检索后为涉案专利出具了《实用新型专利检索报告》，检索结论为：权利要求1－10全部符合专利法第22条有关新颖性和创造性的相关规定，该件实用新型专利权利稳定。



本实用新型专利涉及手机、平板等手持电子设备的触摸面板及触摸屏的改进。在现有技术中，触摸面板按键孔以及红外探测孔处，三层油墨通常都是简单叠加形成，且制作形成的孔的高度较大，造成组装过程中孔内容易残留大量气泡，进而引起系列组装不良问题。这些问题困扰了本领域技术人员多年，也一定程度上制约了触摸面板行业的发展。

基于此背景，专利权人在长期生产实践中通过试验、总结、反复论证，对触摸面板及触摸屏进行了改进，并通过巧妙设计两层遮光油墨层及一层透光油墨层的位置关系，有效地解决了上述技术问题，使得触摸面板按键孔以及红外探测孔处的贴合良率大大提高，手持电子设备的厚度也显著减薄。

由于专利所涉及技术方案呼应了当前手持电子设备小型化的发展趋势，以及国家节能减排、提高资源利用率的经济发展方针，且可广泛使用在手机、平板、数码相框、一体机、超级本等电子产品中，由此取得了良好的经济效益。

然而，原告调查发现，经被告一销售的手机的触摸屏（被控侵权产品）涉嫌使用了本专利技术，而被控侵权被控侵权产品的制造商是被告二。2014 年 7 月 14 日，在公证人员的监督下，原告代理人来到被告一江西省新建县铁河伟业通信营业厅，以普通消费者身份购买了型号为 OPPO U705T 的手机 1 部，单价为 1599 元，并取得相应购货发票。上述购买的 1 台手机，由公证处封存。经查证，该手机的触摸屏

为被告二所制造。然而，被告二并未获得原告（专利权人）的授权许可，因此该触摸屏属于侵权产品。

根据被控侵权产品与本专利的技术比对显示，被控侵权产品具有本专利权利要求记载的全部技术特征，落入本专利权利要求的保护范围。

《专利法》第60条规定，未经专利权人许可，实施其专利，即侵犯专利权，权利人可以向法院起诉。原告一深圳欧菲光科技股份有限公司是涉案专利的专利权人，对该专利享有权利。原告二是涉案专利的实际被许可人，依法享有提起诉讼的权利。原告认为，被告一未经原告的许可，销售包含被控侵权产品的手机，侵权了原告的专利权；被告二未经原告许可，擅自制造、销售被控侵权产品，亦构成对原告的专利侵权。两被告对原告的专利侵权行为给原告造成了巨大的经济损失，其应依法承担相应的法律责任，原告依法向人民法院请求保护其专利权不受侵害。

被告二是一家主要从事触控显示器、触控系统、触控组件、触控屏幕、触控技术、应用软件、硬件、触控相关周边配件的研发、生产的上市公司，根据其公开信息，被告二自2013年1月起至2013年12月，制造、销售侵权产品触摸屏，销售额达333.66亿元人民币，按照合理的专利许可使用费率即销售额的4%计算，被告二本应向原告赔偿专利许可使用费经济损失暂计到2013年12月共计13.34亿

元。惟，原告目前仅主张被告赔偿经济损失共计 6800 万元，但原告保留根据进一步获知的证据对赔偿金予以增加的权利。

综上所述，被告一和被告二未经原告的许可，擅自实施本案专利权的行为，违反了《专利法》第 11 条的规定，已经构成了专利侵权，严重损害了原告的合法利益。基于以上事实，原告现依《民事诉讼法》第 108 条、《专利法》第 60 条及其他相关法律规定，向贵院具状，请求贵院维护原告的合法权益，判如原告所请。

此致

南昌市中级人民法院



具状人：深圳欧菲光科技股份有限公司

法定代表人：蔡荣军

南昌欧菲光科技有限公司

法定代表人：胡菁华

日期：2014 年 10 月 10 日

EXHIBIT 2

**Excerpt: Cover Page of Civil Action Complaint**

Plaintiff no. 1: Shenzhen O-Film Technology Company Ltd.
Address: O-Film Technology Park, Huafa Road Section, Songbai Highway, Gongming Street, Guangming New District, Shenzhen City
Legal Representative: Rongjun Cai
Position: Company Chairman

Plaintiff no. 2: Nanchang O-Film Technology Company Ltd.
Address: Huangjia Lake Road, Nanchang Economic Technology Development Zone, Jiangxi Province
Legal Representative: Jinghua Hu
Position: Senior Vice President

Defendant no. 1: Wei Cheng (Proprietor, Tiehe Weiye Telecommunications Operations Bureau, Xinjian County, Jiangxi Province)
ID no.: 360122197507018419
Business address: Tiehe Street, Tiehe Town, Xinjian County, Jiangxi Province

Defendant no. 2: TPK Technology (Xiamen) Company Ltd.
Address: No. 199 Banshang Road, Information Optoelectronics Park, Torch Hi-Tech Zone, Xiamen City
Legal Representative: Chaorui Jiang
Position: Company Chairman

Cause of Action: Infringement of Utility Model Patent Rights

**Excerpt: Prayers for Relief:**

No. 1. Defendant no. 1 immediately cease infringing Plaintiff's 201220134480.7 utility model patent rights (hereinafter "patent-in-suit"), i.e. immediately cease selling, offering for sale, using touch screens of patent-in-suit (hereinafter "alleged infringing products") for mobile phones;

No. 2. Defendant no. 2 immediately cease manfacturing, selling, offering for sale alleged infringing products;

No. 3. Defendant no. 2 immediately destroy all alleged infringing products, and modules and equipment for manufacturing alleged infringing products;

No. 4. Defendant no. 2 compensate Plaintiff's economic loss of 68 million Renminbi (including Plaintiff's attorney fees, travel costs, notary fees, litigation fees etc. reasonable costs incurred in this action), whereby Plaintiff reserves rights to increase compensation based on additionally acquired evidence;

No. 5. Defendant no. 2 publish an apology on ostentatious sections of Jiangxi Daily, contents of which must be approved by Court.


Universal Binders & Tabs
1- (877) LAW TABS

EXHIBIT 3

# 民事答辩状

答 辩 人： 宸鸿科技（厦门）有限公司
地     址： 厦门市火炬高新区信息光电园坂尚路 199 号
法定代表人： 江朝瑞
代 理 人： 刘冬，北京市汉坤律师事务所

2014 年 10 月 10 日，原告深圳欧菲光科技股份有限公司（下称"原告一"）、南昌欧菲光科技有限公司以程炜、宸鸿科技（厦门）有限公司（下称"被告二"）为被告提起侵犯实用新型专利权案，案号为（2014）洪民初字第 55 号。针对此案，答辩人宸鸿科技（厦门）有限公司现提出如下答辩意见：

被告二制造的手机触摸屏（下称"涉案手机触摸屏"）并不侵犯原告的 ZL201220134480.7 专利（"涉案专利"）。

涉案专利为原告一于 2012 年 4 月 1 日申请。通过技术对比，答辩人发现在 2012 年 4 月 1 日以前即涉案专利申请日以前，HTC EVO Design 4G 和 HTC Rezound 4G 型号手机中已经使用了与涉案手机触摸屏相同的技术方案，涉案手机触摸屏相对于涉案专利属于现有技术。根据《专利法》第六十二条之规定，在专利侵权纠纷中，如果被控侵权人所实施的技术属于现有技术的，不构成侵犯专利权。因此被告一制造的涉案手机触摸屏未侵犯原告一的专利权。

此致
南昌市中级人民法院

刘冬
北京市汉坤律师事务所
2016 年 7 月 13 日

EXHIBIT 4

**Exhibit 4 – Excerpt Translation of TPK Pleading regarding Public Use Defense**

Paragraph 3 of the Pleading:

*"The patent at-issue was file on April 1, 2012 by Plaintiff I. However, Respondent found that the same touch-screen technology accused by the Plaintiffs were used in the HTC EVO Design 4G and HTC Rezound 4G mobile phones launched and sold to the public before April 1, 2012, which means the accused touch-screen technology constitutes prior art compared with the patent-at-issue. According to Article 62 of the PRC Patent Law, in patent infringement case, if the accused infringer has evidence to prove that the technology he exploits is a prior art, no patent infringement is constituted. Therefore, the accused products manufactured by Defendant II would not infringe the patent at-issue."*