UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF TPK TOUCH SOLUTIONS (XIAMEN) INC.<br><br>Defendant. | Case No. 16-mc-80193-DMR<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FROM HTC FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Before the court is an ex parte application by TPK Touch Solutions (Xiamen) Inc. ("TPK") for an order to obtain written discovery from HTC America, Inc. ("HTC") for use in patent litigation proceedings in China. Having considered TPK's papers and accompanying submissions, the court **GRANTS** the application.

## I.  BACKGROUND

TPK is a Chinese company with headquarters in Xiamen, China. Liu Decl., ¶ 2. TPK researches, designs, develops, and manufactures touch panel technologies including those used in many of Apple's iPhone and iPad products. *Id*. O-film Tech, Ltd. ("O-film") has sued TPK in the Nanchang Intermediate People's Court, Jiangxi Province, China for patent infringement relating to certain touch screen display modules used in mobile phones and other computing devices. *Id*., ¶ 3; *see also* Ex. 1 (Chinese complaint); Ex. 2 (English translation) to Zin Decl. HTC designs, manufactures, and sells mobile devices including touch-screen smart phones. *See* https://www.htc.com/us/about/ (last accessed on Nov. 17, 2016); *see also* Benson Decl., ¶ 3. Based on its communications with HTC, TPK understands that HTC manufactured and sold two models of mobile phones, the HTC Rezound and EVO Design 4G mobile phones, both of which incorporated touch panel display modules supplied by TPK, prior to April 1, 2012, the date of the application of the patent-in-suit. Benson Decl., ¶ 3.

Based on this understanding, TPK believes it has a prior art or knowledge defense[1] against O-film's patent infringement claims. Liu Decl., ¶¶ 4; *see also* Ex. 3 (TPK pleading asserting prior use defense); Ex. 4 (English translation of public use defense in pleading) to Zin Decl. According to TPK, a prior use or knowledge defense operates as a completed defense to the patent infringement claims asserted by O-film. Zin Decl., ¶ 4. TPK's application seeks documents relating to HTC's design, manufacture, and sale of the HTC Rezound and EVO Design 4G mobile phones prior to April 1, 2012 to support its prior use or knowledge defense in the patent infringement proceedings. Benson Decl., ¶ 4. TPK also contends that these documents may be used to invalidate the patent-in-suit before China's patent office. Benson Decl., ¶ 4; Zin Decl., ¶ 8.

## II.     LEGAL STANDARDS

TPK's application is brought pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of Section 1782 is "to provide federal-court assistance in the gathering of evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that Section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts") (citation and internal quotation marks omitted).

---

[1] According to TPK, a defendant in a patent infringement action in China may argue as a defense that the technology claimed in the patent was known to the public either domestically or abroad prior to the date of the patent application. Zin Decl., ¶ 4.

2

A district court is authorized to grant a Section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also In re Republic of Equador*, No. C–10–80255–CRB (EMC), 2010 WL 3702427 at *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Equador*, 2010 WL 3702427 at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*Id*. (citing *Intel*, 542 U.S. at 264–65).

It is both common and proper to conduct an ex parte process for a request to obtain an order authorizing discovery pursuant to Section 1782. *Id*. (summarizing cases).

### III. DISCUSSION

#### A. Authority to Issue Subpoena

The court has reviewed TPK's application and determines that the statutory requirements have been satisfied.

First, HTC maintains an office in this district and is "found" here for purposes of Section 1782. *See* http://careers.htc.com/career/HTC-global/apply-now/global-openings (listing address for HTC office in San Francisco) (last accessed on Nov. 17, 2016); *see also In re Ex Parte Application of Qualcomm Inc*., 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (finding subpoenaed parties were "found" within the Northern District for purposes of Section 1782 because they maintained "in-district offices"); *In re Republic of Equador*, Nos. C 11-80171 CRB, C 11-80172

CRB, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011) (finding first statutory factor met where subpoenaed party had an office in Menlo Park, which was in this district).

Second, actions before the People's Courts in China constitute foreign tribunals for purposes of Section 1782. *See In re Ex parte Application of Am. Petroleum Inst. for Order to Obtain Discovery for Use in Foreign Proceedings*, No. C 11-80008 JF PSG, 2011 WL 10621207, at *2 (N.D. Cal. Apr. 7, 2011) (granting 1782 application seeking discovery for use in six cases involving copyright, trademark, and unfair competition claims pending before Fonshan Shunde District People's Court in China). Additionally, to the extent that TPK intends to use the discovery sought here to file a petition to validate the patent-in-suit before China's State Intellectual Property Office, or "SIPO," proceedings before foreign patent offices also constitute foreign tribunals for purposes of Section 1782. *See Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1111 (9th Cir. 2015) (finding that proceedings before European and Japanese Patent Offices constitute proceedings before a "foreign or international tribunal" under Section 1782 because due to "quasi-judicial" nature of those proceedings). Third, TPK qualifies as an "interested person" because it is a party to the proceedings.

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoena, the court turns to the question of whether the discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

With respect to the jurisdictional reach of the foreign tribunal, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Here, HTC is not a party to the proceedings in China, *see* Application at 8, and this factor weighs in TPK's favor.

With respect to the nature and receptivity of the foreign tribunal, TPK avers that it expects the People's Court and the Chinese Patent Office will be receptive to the information obtained by these requests.  Zin Decl., ¶ 8; *see also In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014) (finding second discretionary factor met for purpose of Section 1782 where the applicant averred that the foreign tribunals "[could] be receptive" to the discovery sought).  At the very least, there is also no evidence suggesting that either the People's Court or the Chinese Patent Office would "be unreceptive" to the discovery TPK seeks.  *See In re Ex Parte Application Varian Medical Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (finding second discretionary factor met where there was no evidence or case law suggesting the German district court would "be unreceptive" to the discovery sought).  Accordingly, this factor also weighs in TPK's favor.

With respect to the third discretionary factor, there is nothing to suggest that TPK is attempting to circumvent foreign proof-gathering restrictions.  TPK asserts that there are no Chinese restrictions or policies that would prohibit seeking discovery of documents requested by the subpoena, and the discovery sought is consistent with the type of discovery available in the Chinese proceedings.  Zin Decl., ¶ 10; *see also In re Ex Parte Application of Am. Petroleum Inst.*, 2011 WL 10621207, at *2 (finding third discretionary factor met where applicant represented that "no such restrictions or policies exist[ed] and the requested discovery [wa]s consistent with the type of discovery available in the Chinese proceedings").  This factor thus weighs in TPK's favor.

With respect to the last discretionary factor, however, the court finds that the subpoena may contain burdensome or overly broad requests.  For example, while TPK contends that the discovery sought is limited to the time period prior to April 1, 2012 time period, *see* Application at 12, only one of its six document requests actually states as such.  *See* Request No. 5 ("Documents, records, or other information sufficient to describe any public demonstration of the HTC Rezound and EVO Design 4G phones, in the U.S. or elsewhere in the world, prior to April 1, 2012, at trade shows or otherwise).  The remaining five discovery requests do not so specifically state.  To illustrate, Request No. 6 asks about "final production schematics for touch panel modules incorporated" into all HTC Rezound and EVO Design 4G phones, not just the HTZ Rezound and

5

1  EVO Design 4G phones associated with the specific serial numbers listed in Requests Nos. 1 and
2  2. As to Requests Nos. 1 and 2, while they ask about specific Rezound and EVO Design 4G
3  mobile phones identified by serial numbers, they also seek a broad range of information about
4  each of these phones including when they were manufactured by HTC, purchased by or on behalf
5  of Sprint or Verizon, and also ask HTC to include the manufacturers and model numbers of any
6  touch panels that were "ever used" in these phones, including the manufacture dates, shipment
7  dates, and the distributor's names.

8  Additionally, since TPK does not specifically discuss or explain these requests in its
9  application, this court is not convinced that all of the requested discovery would be relevant to its
10 prior use or knowledge defense in the patent proceedings. Benson Decl., ¶ 4.

11 Thus, this factor seems to weigh against TPK.

12 However, since HTC appears to be "willing to produce documents responsive to these
13 requests," Benson Decl., ¶ 5, and because HTC maintains the right to challenge the subpoena, the
14 court finds that this factor weighs only slightly against TPK.

15 Given the balance of discretionary factors in TPK's favor, combined with HTC's apparent
16 cooperation with the subpoena process, this court grants TPK's application. HTC may still, of
17 course, contest the subpoena based on undue intrusion, burden, or other grounds. *See In re*
18 *Republic of Equador*, 2010 WL 3702427 at *2 and *5 (noting that ex parte applications under
19 Section 1782 are "typically justified by the fact that the parties will be given adequate notice of
20 any discovery taken pursuant to the request and will then have the opportunity to move to quash
21 the discovery" and to contest the subpoena "based on undue intrusion or burden or based on other
22 grounds (e.g., overbreadth)"). The Ninth Circuit has held that applications for subpoenas
23 pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections
24 and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters*
25 *Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976). HTC shall therefore have thirty
26 (30) calendar days after the service of the subpoena to contest it. The return date on the subpoena
27 must be set at least 30 days after service.
28 //

## IV. CONCLUSION

For the reasons stated above, the court grants TPK's application. TPK may serve a finalized version of the subpoena attached as Exhibit B to the Application, which must include a return date at least thirty days after service to allow HTC to contest the subpoena if it desires. If HTC files a motion to quash, this action shall automatically be reopened.

This order resolves Docket Number 1. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2016



DONNA M. RYU
United States Magistrate Judge